IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL JON PETERKA

        Petitioner,

vs.                                                          CASE NO. 3:05cv22-SPM

JAMES CROSBY, JR.,

        Respondent.

_____/

## ORDER DENYING 60(b) MOTION FOR RELIEF FROM FINAL JUDGMENT

        This cause comes before the Court on Petitioner's Motion for Relief From Final Judgment Pursuant to Rule 60(b)(1).  Doc. 103.  The judgment from which Petitioner seeks relief is the order (doc. 68) denying his § 2254 habeas corpus petition (doc. 1).  The denial was affirmed by the Eleventh Circuit Court of Appeals (doc. 107).

        Petitioner argues that he is entitled to relief under Rule 60(b)(1) because this Court misunderstood his claim in ground 5 as a claim for ineffective assistance of postconviction counsel.  Petitioner contends that he intended to argue that § 2254(e)(2), which limits the authority of courts to conduct evidentiary hearings when the factual basis is not developed in the state court, should not apply.  For the following reasons, the motion will be denied.

1.      The Court did not misunderstand Petitioner's claim in ground 5.

Petitioner argued, in the alternative, that he had "the right to effective assistance

of postconviction counsel and that it was denied when Mr. Harper failed to

develop the factual allegations at issue during the state court evidentiary hearing

. . . ."  Doc. 1-2 at 78.  The law, however, is clear that "[t]he ineffectiveness or

incompetence of counsel during Federal or State collateral post-conviction

proceedings shall not be a ground for relief arising under section 2254."  28 U.S.

C. § 2254(i); see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), Murray v.

Giarratano, 492 U.S. 1, 10 (1989).

2.      With regard to Petitioner's entitlement to an evidentiary hearing, the

Court addressed the issue under the standard of Schlup v. Delo, 513 U.S. 298

(1995) and § 2254(e)(2).  Doc. 68 at 40-41.

3.      The Court also addressed the requirements of § 2254(e)(2), which

were properly applied to this case.  "[L]ack of due dilligence, or some greater

fault attributable to the prisoner or the prisoner's counsel" constitutes a failure to

develop within the meaning of 28 U.S.C. § 2254(e)(2), thereby restricting the

availability of an evidentiary hearing.  Williams v. Taylor, 529 U.S. 420, 432

(2000) (emphasis supplied).

4.      Petitioner made similar arguments to the one he makes in the

present 60(b) motion in a previous motion to alter or amend the judgment (doc.

76 at 6-7).  That motion was denied (doc. 83).

CASE NO. 3:05cv22-SPM

5.      It is appropriate for a Court to grant relief from judgment under Rule 60(b) based on mistakes made by the Court, but the rule is not a substitute for appeal and "its main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence." <u>Fackleman v. Bell</u>, 564 F.2d 734, 736 (5th Cir. 1977).

6.      In this case, no mistake has been made.  The Court considered the true merits of Petitioner's claims and rejected them.  Petitioner appealed this Court's decision, but the Eleventh Circuit Court of Appeals affirmed.  Under the circumstances, relief under Rule 60(b) is not warranted.  Accordingly, it is

ORDERED AND ADJUDGED:  Petitioner's Motion for Relief From Final Judgment Pursuant to Rule 60(b)(1) is denied.

DONE AND ORDERED this 9th day of September, 2008.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

CASE NO. 3:05cv22-SPM